UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON HAHN,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBERT MARTIN, et al.,<br><br>                    Defendants. | No.  13-CV-5051-EFS<br><br>**ORDER DENYING MOTION TO VACATE** |

   BEFORE THE COURT is Plaintiff's Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b)(1), ECF No. 20.  On September 19, 2013, the Court dismissed Plaintiff's First Amended Complaint, in part with prejudice, but also in part without prejudice and with leave to file claims in the Western District of Washington against Defendants Waddington, Russell and Martin. ECF No. 18. Plaintiff now asks this Court to vacate the dismissal Order in part and to transfer this action to the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

   Rule 60(b) provides that a party may be entitled to relief from a judgment entered against it "[o]n motion and just terms ... for the following reasons: ... (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Here, Mr. Hahn presents no

ORDER DENYING MOTION TO VACATE -- 1

facts showing mistake, inadvertence, surprise, or excusable neglect that would warrant further consideration of his case.

Furthermore, a Rule 60(b)(1) motion to vacate a judgment due to excusable neglect should be filed within a "reasonable time," and in no case may be filed more than a year after the judgment or order was entered. Fed.R.Civ.P. 60(c).  Plaintiff offers no explanation showing that the delay of almost a year in filing his motion was "reasonable."

In any event, the Court notes that claims arising more than three years prior to the filing of the initial complaint in this action on April 26, 2013, would be time-barred by Washington's three-year statute of limitations. *See* Wash. Rev.Code § 4.16.080(2); *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir. 1991). Plaintiff's claims against Defendants Waddington, Russell and Martin arose while Plaintiff was confined at the Washington Corrections Center from December 2, 2009, to February 2010. Plaintiff has established no basis for equitable tolling, *see Millay v. Cam*, 135 Wash.2d 193, 955 P.2d 791, 797 (1998) ("The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff.").

Therefore, the Court finds no basis to vacate the dismissal order or to transfer claims which were dismissed without prejudice to the Western District of Washington.  Accordingly, **IT IS HEREBY ORDERED:** Plaintiff's Motion to Vacate under Rule 60(b)(1) is **DENIED.**

**IT IS SO ORDERED**.  The Clerk's Office is directed to enter this Order and forward a copy to Plaintiff at his last known address.  The

ORDER DENYING MOTION TO VACATE -- 2

file shall remain closed.  The Court certifies any appeal of this decision would not be taken in good faith.

**DATED** this   8th    day of September 2014.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge